Sturm *v.* P. A. Cutri Company, Inc., Appellant.

Argued June 17, 1971. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Murray R. Garber,* for appellant.

*R. T. Mutzabaugh,* with him *Mutzabaugh & Mutzabaugh,* for appellee.

OPINION BY HOFFMAN, J., September 21, 1971:

This appeal concerns an alleged breach of warranty in a sales agreement between P. A. Cutri Co., Inc. (appellant), and Ray L. Sturm (appellee). The factual background is essentially as follows: One Bauer sold his insurance agency on an installment basis to one Rand, who in turn transferred his entire interest to

the Bradford agency. Bradford then entered an agreement to pay the remaining installments due under the Bauer contract. The amount to be paid was $5,000, the receipt of which was acknowledged in the agreement. Eventually, all of Bradford's stock was purchased by appellant, who in turn sold it to appellee. The agreement of sale included a provision that "[s]eller [appellant] warrants absolutely and forever: A. There are no undisclosed liabilities, and if any appear, Buyer [appellee] shall have the right to set off same against his note to Seller."

Subsequently, Bauer sued Bradford and appellee in equity alleging nonpayment of the $5,000 due under the contract with Bradford. That suit resulted in a judgment in favor of Bauer against appellee, as the sole successor in interest to Bradford. The judgment was affirmed by the Supreme Court, *Bauer v. P. A. Cutri Company of Bradford, Inc.*, 434 Pa. 305, 253 A. 2d 252 (1969), and payment was made by appellee.

Appellee then instituted the present action, contending that the judgment against him on the Bauer claim was for an undisclosed liability of Bradford, and therefore a breach of the warranty in the sale agreement between appellant and appellee. After hearing testimony from both sides, the lower court, sitting with a jury, directed a verdict in favor of appellee for $5,000 plus costs. Post trial motions were denied and this appeal followed.

Appellant argues on appeal that since the original judgment was against appellee only, the sum paid to Bauer was necessarily a personal obligation of appellee and not a liability of Bradford which would be covered by the warranty. However, it is clear from the lower court's adjudication and the Supreme Court's opinion that the question of who was ultimately liable to Bauer was not at issue in the action by Bauer against appellee and Bradford. Appellant was not a party to that action.

and the agreement of sale containing the warranty provision was not in evidence. The original judgment determined only that appellee, as the sole successor in interest to Bradford, was liable to Bauer. This decision, of course, did not decide the question whether some other party was secondarily liable to appellee for this payment under a separate warranty agreement.

The evidence presented in the court below was sufficient to establish an undisclosed liability from which appellant had agreed to protect appellee. The judgment is affirmed.